Karen Tynan, SBN 217775
1083 Vine Street, #201
Healdsburg, CA 95448
Telephone: (707) 395-0062
Facsimile: (707) 921-7352
dktynan@comcast.net

Attorneys for Defendant
Intersec Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BRAGA and MATTHEW COTTONE,<br><br>Plaintiffs,<br><br>v.<br><br>INTERSEC INTERACTIVE, INC., and DOES 1-25<br><br>Defendants | Case No. cv-15-01145 DMR<br><br>**DEFENDANT INTERSEC INTERACTIVE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM FOR CONVERSION, TRADE LIBEL, and MISAPPROPRIATION OF INTELLECTUAL PROPERTY**<br><br>First Amended Complaint Filed: 4/16/15 |
| INTERSEC INTERACTIVE, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>SARAH BRAGA AND MATTHEW COTTONE and ROES 1-20,<br><br>Counter-Defendants. | |

Intersec Interactive, Inc. answers the First Amended Complaint filed by Sarah Braga and Matthew Cottone as follows:

**INTRODUCTORY PARAGRAPH**

In response to Plaintiffs' introductory paragraph, Intersec states that the assertions and

DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
1

allegations contained in this paragraph are so vague and general as to make an informed admission or denial impossible. Accordingly, this paragraph is denied as stated.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

### PARTIES

1. Denied.
2. Admitted.
3. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 3, which are therefore denied.
4. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 4, which are therefore denied.

### JURISDICTION AND VENUE

5. Admitted for jurisdictional purposes only.
6. Admitted for jurisdictional purposes only.

### FACTUAL ALLEGATIONS

7. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 7, which are therefore denied.
8. Denied.
9. Denied.
10. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 10, which are therefore denied.
11. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 11, which are therefore denied.
12. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 12, which are therefore denied.
13. Denied.
14. Denied.
15. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 15, which are therefore denied.

16. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 16, which are therefore denied.

17. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 17, which are therefore denied.

18. Denied.

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

19. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 19, which are therefore denied.

20. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 20, which are therefore denied.

21. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 21, which are therefore denied.

22. Denied.

## FIRST CAUSE OF ACTION
## UNPAID WAGES

23. Denied.
24. Denied.
25. Denied.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION

26. Denied.
27. Denied.
28. Denied.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS

29. Denied.
30. Denied.

## FOURTH CAUSE OF ACTION

## WAITING TIME PENALTIES

31. Denied.

32. Denied.

## FIFTH CAUSE OF ACTION

## UNFAIR AND UNLAWFUL BUSINESS PRACTICES

33. Denied.

34. Denied.

## SIXTH CASUE OF ACTION

## WHISTLEBLOWER RETALIATION

35. Denied.

36. Denied.

37. Denied.

## SEVENTH CAUSE OF ACTION

## DECLARATORY RELLIEF

38. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 38, which are therefore denied.

39. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 39, which are therefore denied.

## EIGHTH CAUSE OF ACTION

## SECTION 2699(f) PAGA REPRESENTATIVE CLAIM

40. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 40, which are therefore denied.

## NINTH CAUSE OF ACTION

## SECTION 210 PAGE REPRESENTATIVE CLAIM

41. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 41, which are therefore denied.

## TENTH CAUSE OF ACTION

## SECTION 558(a) PAGA REPRESENTATIVE CLAIM

42. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 43, which are therefore denied.

## ELEVENTH CAUSE OF ACTION

## SECTION 226.3 PAGA REPRESENTATIVE ACTION

43. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 44, which are therefore denied.

## TWELVTH CAUSE OF ACTION

## SECTION 226.8 PAGA REPRESENTATIVE CLAIM

44. Intersec is without knowledge sufficient to admit or deny the allegations contained in Paragraph 44, which are therefore denied.

## PRAYER FOR RELIEF

Intersec denies that Plaintiffs are entitled to any of the relief demanded in its Prayer for Relief.

## SEPARATE AND AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the First Amended Complaint, Intersec alleges as follows:

## FIRST AND SEPARATE AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

Plaintiffs have failed to state any legally cognizable claim from which any relief may be granted.

## SECOND AND SEPARATE AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statutes of limitations, whether governed by New York law, Oregon law or California law.

## THIRD AND SEPARATE AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any

1  alleged breach of duty, act, omission, statutory violation or any other conduct, if any, as set forth in
2  the FAC.

### FOURTH AND SEPARATE AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs waited an unreasonable period of time before asserting their claims, if any, against Intersec and are thereby barred from now asserting such claims under the doctrine of laches.

### FIFTH AND SEPARATE AFFIRMATIVE DEFENSE
### (Breach of Covenant of Good Faith and Fair Dealing)

Plaintiffs breached the implied covenant of good faith and fair dealing with Intersec when they presented themselves as independent contractors but tried to act as employees, and are thereby barred from now asserting their claims.

### SIXTH AND SEPARATE AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs engaged in conduct and activities with respect to the subject of this litigation, and by reason of said activities and conduct, are estopped from asserting any claims for damages or seeking any other relief against Intersec.

### SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, due to their unclean hands.

### EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs, though under a duty to do so, have failed and neglected to mitigate their alleged damages, and therefore, cannot recover against Intersec, whether as alleged or otherwise.

### NINTH AND SEPARATE AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies - PAGA)

Plaintiffs' claims, to the extent they seek relief under the Private Attorneys' General Act, are barred due to the fact Plaintiffs failed to exhaust their administrative remedies due to their failure to comply with the requirements of California Labor Code § 2699.3.

## TENTH AND SEPARATE AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies - Retaliation)

Plaintiff Braga's claim of Retaliation is barred due to Plaintiff's failure to exhaust her administrative remedies.

## ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

### (In Pari Delicto)

Plaintiffs barred from recovery for alleged losses resulting from the claims made in the FAC under the doctrine of *in pari delicto*.

## TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiffs' claims are barred, in whole or in part, due to evidence of Plaintiffs' wrongful conduct learned of after their terminations.

## THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

### (Exempt)

Plaintiffs' claims are barred, in whole or in part, because they were exempt from the statutes they allege claims, rights and remedies pursuant thereto.

## FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

### (Offset)

Plaintiffs' claims must be offset by the amounts they damaged Defendant through production mishaps, editing problems, and other workplace mistakes.

Counter-Claimant INTERSEC INTERACTIVE, INC. alleges:

## PARTIES

1. Counterclaimant Intersec Interactive, Inc. was a corporation operating a business in Alameda County, California at all times referenced herein.

2. Counterclaimant is presently unaware of the true names and capacities and liability of Counterdefendants named herein as ROES 1-20, inclusive, and Counterclaimant will seek leave of the

Court to amend the Counterclaims to allege their true names and capacities after same have been ascertained.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and claims involved in this Counterclaim pursuant to 28 U.S.C. § 1332 because Counterclaimant is deemed a citizen of New York while Counterdefendants allege they are residents of the State of California, and because the amount in controversy arising out of this Counterclaim exceeds $75,000.

4. The Counterclaims arise out of the same matters and transactions described in the FAC, and this Court has jurisdiction over the matters and transactions that are the subject of these Counterclaims pursuant to Federal Rule of Civil Procedure 13.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 because, on information and belief, a substantial part of the events giving rise to the Counterclaims occurred in the federal Northern District of California.

## FACTUAL ALLEGATIONS

6. Counterdefendants Braga and Cottone worked as independent contractors for Counterclaimant Intersec Interactive, Inc. for intermittent periods in 2011, 2012, 2013, and 2014.

7. Counterdefendants Braga and Cottone at all times from 2011 to present represented themselves as independent contractors not employees. Both Counterdefendants invoiced for their work.

8. Counterdefendant Cottone invoiced for his work at all times referenced herein as "Digital Dark LLC."

9. Counterdefendants Braga and Cottone worked in New York, Oregon, and California during the relevant time periods.

10. On February 12, 2014, Counterdefendant Cottone entered the premises of Counterclaimant Intersec Interactive, Inc. intoxicated and under the influence of alcohol. He disrupted production and engaged in dangerous behavior.

11. In October 2014, on numerous occasions, Counterdefendant Braga described Counterclaimant Intraub as a "pedophile" to workers at Counterclaimant Intersec Interactive Inc.'s

place of business.

12. On October 17, 2014, Counterdefendant Braga told Brent Scott, founder and owner of Intersec Interactive, Inc. that Counterclaimant Intraub was a pedophile.

13. On October 19, 2014, Brent Scott communicated to all workers (employees and independent contractors) regarding a change in the company. Independent contractors were required to renegotiate their contracts, and a production meeting was called.

14. On October 20, 2014, a production meeting was held. All independent contractors and employees attended, except for Counterdefendant Braga who was a "no show."

15. On October 24, 2014, Counterdefendant Braga communicated on social media that Counterclaimant Intersec Interactive employed a pedophile.

16. In November 2014, a representative of the FBI contacted Counterclaimant Intersec Interactive, Inc. and resolved the allegations. An explanation of the untrue allegations was provided to an FBI agent by a representative of Counterclaimant Intersec Interactive, Inc. The investigation was resolved with no further demands for information and no charges filed.

17. Counterdefendants Braga and Cottone utilized two laptop computers during 2013 and 2014. These laptop computers were borrowed from Counterclaimant Intersec Interactive, Inc. Counterdefendants Braga and Cottone have repeatedly refused to return the two laptop computers since they stopped working for Counterclaimant Intersec Interactive, Inc. in 2014. These refusals occurred in 2014 and 2015. A police report was filed on behalf of Counterclaimant Intersec Interactive, Inc.

## FIRST CAUSE OF ACTION

### CONVERSION

18. Counterclaimant Intersec Interactive, Inc. refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 18 of its Counterclaim as though fully set forth herein.

19. On or about 2012, Counterclaimant Intersec Interactive, Inc. owned two laptop computers valued at $2000 each. Counterclaimant Intersec Interactive, Inc. provided and entrusted a laptop computer to each of Counterdefendants at their own request.

20. Counterdefendants Braga and Cottone took possession and control of the two laptops.

21. Despite demands for their return beginning in October 2014 and continuing to present, Counterdefendants Braga and Cottone have refused to return the laptops to Counterclaimant Intersec Interactive, Inc.

22. Counterclaimant Intersec Interactive, Inc. was forced to purchase new computers to replace the two laptops and has suffered damages resulting from the conversion of the two laptops.

23. Counterclaimant Intersec Interactive, Inc., as a direct result of Counterdefendant Cottone and Braga's actions has been injured and is entitled to compensatory damages, right to possession of the two laptop computers, injunctive relief, and punitive damages.

## SECOND CAUSE OF ACTION

## TRADE LIBEL

24. Counterclaimant Intersec Interactive, Inc. refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 23 of its Counterclaim as though fully set forth herein.

25. On or about October 24, 2014, Counterdefendant Braga communicated a false statement that Counterclaimant Intersec Interactive, Inc. employed a pedophile.

26. This statement was made on internet social media websites, including but not limited to, Twitter.

27. Counterclaimant Intersec Interactive, Inc., as an adult content producer, is especially vulnerable to claims of illegal or criminal activity in social media.

28. The statement that Counterclaimant Intersec Interactive, Inc., as an adult content producer, employed a pedophile, was especially disparaging to the content produced and sold on the internet.

29. The social media account of Counterdefendant Braga, @elisegraves, is followed by thousands of individuals and any twitter account holder could see her publication of libelous statements.

30. The claim that Counterclaimant Intersec Interactive Inc., employed a pedophile was a material and substantial part in inducing other adult film performers (models) not to work with

Counterclaimant Intersec Interactive, Inc.

31. The Counterdefendant Braga's statements caused Counterclaimant Intersec Interactive, Inc. special pecuniary damages of at least $1,000 by deterring present models and other prospective models from working with Counterclaimant Intersec Interactive, Inc.

32. Counterclaimant Intersec Interactive, Inc., as a direct result of Counterdefendant Braga's actions has been injured and is entitled to injunctive relief, compensatory damages, and punitive damages as Counterdefendant Braga's statements were malicious, fraudulent and oppressive.

### THIRD CAUSE OF ACTION

### (Misappropriation of Intellectual Property)

33. Counterdefendant Braga currently maintains an online presence under the pseudonym "Elise Graves." This online presence is as an adult film performer and is on social media as well as commercial websites which generate revenue.

34. Counterclaimant Intersec has produced several videos and photos of Counterdefendant for its adult entertainment business which are protected by copyrights filed with the United States Patent and Trademark Office.

35. Counterdefendant Braga has utilized these images and videos in the promotion of her separate business venture without the permission of Counterclaimant Intersec.

36. Counterclaimant Intersec has been injured as a direct result of this misappropriation of these materials and demands compensatory damages, special damages, and punitive damages.

WHEREFORE, Counterclaimant prays judgment as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Offset of damages;
4. Injunctive relief;
5. Writ of possession;
6. For costs of suit incurred herein together with an award of reasonable attorney fees (if authorized by statute, contract or otherwise), costs, and expenses; and
4. For such other and further relief as this Court deems just and proper.

DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

11

Respectfully submitted,

Dated: August 17, 2015

_____
KAREN TYNAN
Attorney for Defendant
INTERSEC INTERACTIVE INC.

CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Executed on ___8/17/15___ at Santa Rosa, California.

_____
KAREN F. TYNAN

2

Proof of Service