Richard A. Hoyer (SBN 151931)
David C. Lipps (SBN 269933)
HOYER & ASSOCIATES
4 Embarcadero Center, Suite 1400
San Francisco, CA  94114
*tel* (415) 766-3539
*fax* (415) 276-1738
rhoyer@hoyerlaw.com
dlipps@hoyerlaw.com

Attorneys for Plaintiffs
SARAH BRAGA and
MATTHEW COTTONE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BRAGA and MATTHEW COTTONE on behalf of themselves and the State of California,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERSEC INTERACTIVE, INC., and DOES 1–25,<br><br>Defendants, | Case No. 15-CV-01145-DMR<br><br>**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS** |

Plaintiffs and Counter-Defendants Sarah Braga and Matthew Cottone respond as follows to Defendant and Counterclaimant's counterclaims:

**PARTIES**

1. Admitted.

2. Counter-Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 2, which are therefore denied.

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS**    1

## JURISDICTION AND VENUE

3. Counter-Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 3, which are therefore denied.

4. Counter-Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 4, which are therefore denied.

5. Counter-Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 5, which are therefore denied.

## FACTUAL ALLEGATIONS

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Admitted to the extent Counter-Defendant Braga did tell Brent Scott that Daniel Intraub had admitted that he had engaged in pedophiliac activity. Denied to the extent that Braga did so on "numerous occasions".

12. Admitted.

13. Admitted to the extent that, on October 19, 2014, Brent Scott sent an email terminating all workers' contracts with the company and directed everyone to reapply with Daniel Intraub.

14. Counter-Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 14, which are therefore denied.

15. Denied.

16. Counter-Defendants are without knowledge sufficient to admit or deny the

allegations contained in Paragraph 16, which are therefore denied.

17. Denied.

# FIRST CAUSE OF ACTION

18. Admitted.

19. Counter-Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 19, which are therefore denied.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

# SECOND CAUSE OF ACTION

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

# THIRD CAUSE OF ACTION

33. Denied.

34. Counter-Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 34, which are therefore denied.

1 | 35. Denied.
2 | 36. Denied.

## PRAYER FOR RELIEF

Counter-Defendants deny that Counterclaimant is entitled to any of the relief demanded in its Prayer for Relief.

## SEPARATE AND AFFIRMATIVE DEFENSES

Counter-Defendants raise the following separate and affirmative defenses regarding Counterclaimant's counterclaims:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a first, separate and affirmative defense, Counter-Defendants assert that the counter-complaint fails to state facts sufficient to constitute a cause of action against Counter-Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Injury)

As a second, separate and affirmative defense, Counter-Defendants assert that Counterclaimant sustained no injury or damage by reason of any of the acts alleged in the counter-complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Privilege / Justification)

As a third, separate and affirmative defense, Counter-Defendants assert that their actions alleged in the counter-complaint were privileged, justified, and done with a good faith belief they were correct.

### FOURTH AFFIRMATIVE DEFENSE

### (Reasonable, Good Faith Basis)

As a fourth, separate and affirmative defense, Counter-Defendants assert that their actions alleged in the counter-complaint were done after investigation and on the basis of reasonable grounds, with an honest belief in their truth or correctness, in good faith and without malice.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a fifth, separate and affirmative defense, Counter-Defendants assert that the counter-complaint and each cause of action contained therein are barred to the extent Counterclaimant failed to exhaust their appropriate administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a sixth, separate and affirmative defense, Counter-Defendants assert that the counter-complaint, and each cause of action alleged therein, is barred in whole or in part by applicable statutes of limitation including, but not limited to, those set forth in provisions of California Code of Civil Procedure.

### SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

As a seventh, separate and affirmative defense, Counter-Defendants assert that the Counter-Defendants are entitled to an offset for Counterclaimant' breach of fiduciary duty and other misdeeds.

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

As an eighth, separate and affirmative defense, Counter-Defendants assert that the counter-complaint and each cause of action therein are barred by estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a ninth, separate and affirmative defense, Counter-Defendants assert that Counterclaimant failed to mitigate their damages and that said failure to mitigate bars Counterclaimant from recovery in this action.

## TENTH AFFIRMATIVE DEFENSE

### (Contributory or Comparative Negligence)

As a tenth, separate and affirmative defense, Counter-Defendants assert that any damages sustained by Counterclaimant were either wholly or in part negligently caused by Counterclaimant' own actions, inactions, or delay in acting, and said negligence reduces the percentage of fault, if any, by these answering Counter-Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Release, Accord and Satisfaction, and Waiver)

As an eleventh, separate and affirmative defense, Counter-Defendants assert that the counter-complaint and each cause of action contained therein are barred in whole or in part by the doctrines of release, accord, and satisfaction and waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (Frivolous, Bad Faith Action)

As a twelfth, separate and affirmative defense, Counter-Defendants is entitled to recover reasonable expenses, including attorneys' fees, from Counterclaimant and their

counsel, and that Counterclaimant' counter-complaint, and each cause of action therein, is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing Counter-Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Actions Within Scope of Employment)**

As a thirteenth, separate and affirmative defense, Counter-Defendants assert that any actions alleged by Counterclaimant to have been done by Counter-Defendants were done in the course and scope of their employment with Counterclaimant. Counterclaimant are therefore obligated to indemnify Counter-Defendants for any damage resulting from, and to hold Counter-Defendants harmless for, all such actions.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Consent)**

As a fourteenth, separate and affirmative defense, Counter-Defendants assert that Counterclaimant consented to Counter-Defendants' actions alleged in the counter-complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Truth)**

As a fifteenth, separate and affirmative defense, Counter-Defendants assert that any defamatory statements alleged in the counter-complaint to have been made by Counter-Defendants were true, if made at all.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Fair Use)**

As a sixteenth, separate and affirmative defense, Counter-Defendants assert that

their actions alleged in the counter-complaint constituted fair use of Counterclaimant's alleged copyrighted materials.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Abandonment)**

As a seventeenth, separate and affirmative defense, Counter-Defendants assert that Counterclaimant abandoned its copyright in any of the alleged copyrighted materials alleged in the counter-complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(License)**

As an eighteenth, separate and affirmative defense, Counter-Defendants assert that they had a license, express or implied, to use any of Counterclaimant's alleged copyrighted materials.

Date:  September 8, 2015                                HOYER & ASSOCIATES

_____
David C. Lipps
Attorney for Plaintiffs
SARAH BRAGA and
MATTHEW COTTONE