```
                                          PAGES 1 - 9

                  UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA

               BEFORE THE HONORABLE LAUREL BEELER

SARAH BRAGA AND MATTHEW COTTONE,    )
                                    )
          PLAINTIFFS,               )
                                    )
  VS.                               ) NO. C 15-1145-DMR (LB)
                                    )
INTERSEC INTERACTIVE, INC., AND     )
DOES 1-25,                          )
                                    )  SAN FRANCISCO, CALIFORNIA
          DEFENDANTS.               )  WEDNESDAY
                                    )  MARCH 9, 2016
_____)
                                    )
AND RELATED CROSS ACTION.           )
_____)
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  4:56 P.M. - 5:04 P.M.**

**APPEARANCES:**

**FOR PLAINTIFFS**         HOYER & HICKS
                           FOUR EMBARCADERO CENTER
                           SUITE 1400
                           SAN FRANCISCO, CALIFORNIA  94111
                      **BY:  RICHARD A. HOYER, ESQUIRE**


**FOR DEFENDANTS**         **KAREN FULLER TYNAN, ESQUIRE**
                           1083 VINE STREET
                           SUITE 201
                           HEALDSBURG, CALIFORNIA  95448

(FURTHER APPEARANCES ON FOLLOWING PAGE)

*REPORTED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*              RETIRED OFFICIAL COURT REPORTER, USDC*

**APPEARANCES (CONTINUED):**

**ALSO PRESENT:**          **SARAH BRAGA, MATTHEW COTTONE,**
                           **KEN OLSEN, ASCENZA M. MONTALBANO,**
                           **PHILIP W. MONTALBANO, DANIEL INTRAUB,**
                           **BRENT SCOTT**

```
 1   WEDNESDAY, MARCH 9, 2016                                4:56 P.M.
 2   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSEL'S FAILURE TO
 3   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER
 4   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)
 5
 6                            PROCEEDINGS
 7                              ---O0O---
 8
 9           THE CLERK:  OKAY, EVERYONE.  WE'RE ON THE RECORD.
10   THE HONORABLE LAUREL BEELER PRESIDING.
11           THIS IS ON THE SETTLEMENT CONFERENCE IN CIVIL ACTION
12   15-1145 BRAGA, ET AL. VERSUS INTERSEC INTERACTIVE, INC.
13           COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE
14   RECORD.
15           MR. HOYER:  RICHARD HOYER ON BEHALF OF PLAINTIFFS AND
16   CROSS-DEFENDANTS.
17           THE COURT:  AND IF YOU COULD STATE YOUR CLIENTS
18   APPEARANCES FOR THE RECORD, TOO, THAT WOULD BE GREAT.
19           MR. HOYER:  WITH ME ARE SARAH BRAGA AND MATTHEW
20   COTTONE, PLAINTIFFS.
21           THE COURT:  ALL RIGHT.
22           MS. TYNAN:  YES, MA'AM.  KAREN TYNAN FOR DEFENDANTS
23   AND CROSS-COMPLAINANTS, INTERSEC INTERACTIVE.  AND PRESENT
24   BRENT SCOTT AND DANIEL INTRAUB, AS WELL AS THE FINANCIAL
25   ADVISERS FOR THE COMPANY.
```

```
 1             THE COURT:  GREAT.  THE PARTIES HAVE REACHED A
 2   SETTLEMENT AGREEMENT.
 3             I'M GOING TO RECITE THE TERMS OF THE SETTLEMENT
 4   AGREEMENT THAT WE'VE REACHED.  I'M GOING TO ASK THE LAWYERS IF
 5   I MISSED SOMETHING AFTER I GET ALL THE WAY THROUGH IT, AND THEN
 6   THE LAWYERS WILL LET ME KNOW IF I'VE DONE THAT.
 7             AFTER THAT, I'LL THEN ASK THE PARTIES IF THEY
 8   UNDERSTAND AND ACCEPT THE TERMS OF THE SETTLEMENT.  SO THAT'S
 9   THE PROCESS.
10             THE SETTLEMENT TERMS ARE AS FOLLOWS:
11             THE TOTAL PAYMENT WILL BE $175,000.  THAT'S THE TOTAL
12   AMOUNT.  SO IT'S AN ALL-IN AMOUNT.  SO THE PARTIES WILL BEAR
13   THEIR OWN FEES AND COSTS.  THERE'S NO ADDITIONAL AMOUNT BEYOND
14   THE 175,000.
15             $40,000 WILL BE PAYABLE IMMEDIATELY.  THAT WILL
16   REQUIRE A W-9 AND WIRING INSTRUCTIONS FROM MR. HOYER, WHO WILL
17   DO THAT TOMORROW, AND THEN THEREAFTER THE WIRE, THE FINANCIAL
18   ADVISERS WILL SEND THE WIRE FROM THE BANK ACCOUNT PER THE
19   INSTRUCTIONS.  WE WILL ALSO NEED W-4S FROM MS. BRAGA AND
20   MR. COTTONE.
21             AND THE OTHER ISSUE IS THE ALLOCATION -- SO 40,000
22   PAYABLE IMMEDIATELY.  THE BALANCE, WHICH WOULD BE $135,000,
23   WILL BE PAYABLE IN 90 DAYS WITHIN -- AS SOON AS POSSIBLE, BUT
24   REALLY WITH AN OUTSIDE TIME PERIOD OF ABOUT A WEEK.
25             YOU'RE GOING TO PROVIDE THE BREAK DOWN, ESSENTIALLY,
```

```
 1   FOR THE W-4S OF THE BALANCE TO BE PAID.  AND THAT IS THE
 2   MONETARY AMOUNT.
 3           THE RELEASE -- THE NAMED PARTIES ARE THE PLAINTIFFS,
 4   AND ALSO THE ONLY NAMED DEFENDANT IS INTERSEC INTERACTIVE, INC.
 5   THE SCOPE OF THE RELEASE WILL COVER BRENT SCOTT AND DANIEL
 6   INTRAUB, TOO.  IT BE WILL BE A MUTUAL GENERAL RELEASE THAT
 7   RELEASES ANY AND ALL CLAIMS, KNOWN AND UNKNOWN, RELATED TO THE
 8   SUBJECT CAUSE OF ACTION.  THAT IS THE RELEASE.
 9           THERE WILL BE A CONFIDENTIALITY PROVISION WHICH
10   MS. TYNAN WILL READ INTO THE RECORD.  THE LAWYERS TALKED ABOUT
11   THIS.  WHY DON'T YOU JUST RECITE THE CONFIDENTIALITY PROVISION,
12   WHICH IS STANDARD IN THESE EMPLOYMENT CASES.
13           MS. TYNAN:  CONFIDENTIALITY OF PAYMENT:  EXCEPT TO
14   THE EXTENT REQUIRED BY LAW, TO SUBMIT A TAX RETURN OR
15   COMPLIANCE WITH A LAWFUL SUBPOENA, THE PARTIES WARRANT THAT
16   THEY WILL NOT DISCLOSE ANY OF THE TERMS OF THIS RELEASE FOR ANY
17   REASON TO ANY PERSON, OTHER THAN TO ATTORNEYS OR ACCOUNTANTS
18   FOR TAX PURPOSES, WHO SHALL BE INFORMED OF AND BOUND BY THE
19   SAME PROMISE OF CONFIDENTIALITY.
20           THE COURT:  OKAY.  SO THAT'S THE CONFIDENTIALITY
21   PROVISION.
22           AND WE'LL SAY AT THIS POINT THAT THE WHOLE -- EVEN
23   THOUGH THE MATERIAL TERMS WILL BE ON THE RECORD, IT WILL THUS
24   BE A BINDING AND ENFORCEABLE SETTLEMENT AGREEMENT.  THE PARTIES
25   DO CONTEMPLATE HAVING A FINAL WRITTEN SETTLEMENT AGREEMENT.
```

*JOAN MARIE COLUMBINI, CSR, RPR*
*RETIRED OFFICIAL COURT REPORTER, USDC*
*510-367-3043*

```
 1              THERE WILL BE A NON-DISPARAGEMENT CLAUSE, A MUTUAL
 2   NON-DISPARAGEMENT CLAUSE, MEANING NO CRITICAL, DEROGATORY, OR
 3   DISPARAGING COMMENTS ABOUT THE -- MADE ABOUT THE ALLEGATIONS
 4   MADE ABOUT DANIEL INTRAUB, THE CIRCUMSTANCES OF THE
 5   TERMINATION, AND THE ALLEGATIONS IN THE COUNTERCLAIMS AGAINST
 6   THE DEFENDANTS.  AND THIS NON-DISPARAGEMENT CLAUSE WOULD APPLY
 7   TO THE PARTIES.  THE RELEASE -- PEOPLE WHO ARE PART OF THE
 8   SCOPE OF RELEASE, WHICH WOULD INCLUDE MR. SCOTT AND MR. INTRAUB
 9   AND AGENTS, AND ANY OF THEIR AGENTS.
10              SO THAT WOULD BE THE SCOPE OF THE NON-DISPARAGEMENT
11   CLAUSE.
12              I WILL RETAIN -- THE PARTIES HAVE AGREED THAT I WILL
13   RETAIN JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT.  THE
14   WRITTEN SETTLEMENT AGREEMENT WILL SAY THAT.  IT BASICALLY STOPS
15   PEOPLE FROM HAVING TO FILE A NEW LAWSUIT TO ENFORCE THE
16   SETTLEMENT AGREEMENT.
17              IN YOUR STIPULATED DISMISSAL, WHICH, ULTIMATELY,
18   YOU'LL FILE, YOU WILL PUT IN THERE THAT THE PARTIES CONSENT TO
19   MY RETAINING JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT.
20   IT JUST MAKES EVERYBODY'S LIFE EASIER.
21              AND, IN ANY EVENT, THIS IS ON THE RECORD SO IF YOU
22   FORGET, IT'S HERE, BUT IT'S JUST EASIER NOT TO HAVE TO DO IT.
23              THERE WILL ALSO BE AN ENFORCEMENT -- A PROVISION
24   REGARDING ENFORCING THE SETTLEMENT AGREEMENT WHICH ALSO COVERS
25   THE NON-DISPARAGEMENT CLAUSE, MEANING IF SOMEONE HAS TO BRING
```

```
 1   AN ACTION TO, OR TO ENFORCE THE SETTLEMENT AGREEMENT, THE
 2   PREVAILING PARTY WILL BE ENTITLED TO REASONABLE ATTORNEYS'
 3   FEES, BUT THERE WILL BE A BUILT-IN ADR OPTION THAT ALLOWS ME TO
 4   RESOLVE ANY DISPUTES INFORMALLY.
 5            THE REALITY IS THAT AFTER THE PAYMENT IS MADE, WHICH
 6   WILL BE IN 90 DAYS, THAT THE ONLY ISSUE WILL BE THE
 7   NON-DISPARAGEMENT.  AND, AS I SAID, EVERYBODY HAS A MUTUAL
 8   INTEREST IN GOING FORWARD.  SO I HAVE EVERY CONFIDENCE THAT I
 9   WON'T NEED TO HELP YOU.  BUT THAT OPTION REMAINS FOR YOU.
10            AND ALL OF THAT IS IN RETURN FOR DISMISSAL OF THE
11   CASE WITH PREJUDICE AND THE MUTUAL WAIVER OF COSTS.  EVERYBODY
12   BEARS THEIR OWN COSTS AND FEES.
13            SO WITH THAT, I THINK I SUMMARIZED THE TERMS OF THE
14   SETTLEMENT AGREEMENT.
15            MR. HOYER, FROM YOUR PERSPECTIVE, HAVE I MISSED
16   ANYTHING?
17            MR. HOYER:  NO, YOUR HONOR.  I WOULD JUST CLARIFY --
18   I THINK YOU MAY HAVE MISSPOKEN.  THE NON-DISPARAGEMENT CLAUSE
19   WITH RESPECT TO MY CLIENTS COVERS THE COUNTERCLAIMS AGAINST THE
20   CROSS-DEFENDANTS, NOT THE DEFENDANTS.
21            THE COURT:  RIGHT.  COUNTERCLAIMS AGAINST THE
22   CROSS-DEFENDANTS, YES.
23            MR. HOYER:  OTHERWISE, IT'S PERFECT, YOUR HONOR.
24            THE COURT:  OKAY.  GOOD.
25            ALL RIGHT.  FROM YOUR PERSPECTIVE?
```

```
 1              MS. TYNAN:  I AGREE ALSO, YOUR HONOR.
 2              THE COURT:  OKAY.  SO WITH THOSE, WE HAVE THE TERMS
 3   OF THE SETTLEMENT ON THE RECORD.
 4              I'LL ASK YOU FIRST, MS. BRAGA, THROUGH -- PLAINTIFF'S
 5   FIRST, AND THEN YOU, MR. INTRAUB, AS THE CLIENT REPRESENTATIVE.
 6              SO, MS. BRAGA, DO YOU UNDERSTAND THE TERMS OF THE
 7   SETTLEMENT AGREEMENT THAT I JUST RECITED TO YOU?
 8              MS. BRAGA:  I DO.
 9              THE COURT:  DO YOU UNDERSTAND THAT IF YOU ACCEPT THE
10   TERMS, IT ENDS THE CASE AND YOU CAN'T REOPEN IT?
11              MS. BRAGA:  YES.
12              THE COURT:  DO YOU ACCEPT THE TERMS OF THE
13   SETTLEMENT?
14              MS. BRAGA:  YES.
15              THE COURT:  ALL RIGHT.  MR. COTTONE, DO YOU
16   UNDERSTAND THE TERMS OF THE SETTLEMENT THAT I JUST RECITED FOR
17   YOU?
18              MR. COTTONE:  I DO.
19              THE COURT:  AND DO YOU UNDERSTAND THAT IF YOU ACCEPT
20   THE TERMS, IT ENDS THE CASE AND YOU CAN'T REOPEN IT?
21              MR. COTTONE:  I DO.
22              THE COURT:  DO YOU ACCEPT THE TERMS OF THE
23   SETTLEMENT?
24              MR. COTTONE:  I DO.
25              THE COURT:  ALL RIGHT.  SO, MR. INTRAUB, YOU'RE UP AS
```

```
 1   THE CLIENT REPRESENTATIVE.  DO YOU HAVE THE AUTHORITY TO ACCEPT
 2   THE TERMS OF THE SETTLEMENT AGREEMENT ON BEHALF OF THE
 3   CORPORATION?
 4            MR. INTRAUB:  YES, YOUR HONOR.
 5            THE COURT:  DO YOU UNDERSTAND THE TERMS OF THE
 6   SETTLEMENT THAT I'VE JUST RECITED TO YOU?
 7            MR. INTRAUB:  YES, YOUR HONOR.
 8            THE COURT:  DO YOU UNDERSTAND THAT IF YOU ACCEPT THE
 9   TERMS, IT ENDS THE CASE AND YOU CAN'T REOPEN IT?
10            MR. INTRAUB:  YES, YOUR HONOR.
11            THE COURT:  AND DO YOU ACCEPT THE TERMS OF THE
12   SETTLEMENT?
13            MR. INTRAUB:  YES, YOUR HONOR.
14            THE COURT:  ALL RIGHT.  FOR THE LAWYERS, ON BEHALF OF
15   YOUR CLIENTS, DO YOU ALSO JOIN AND ACCEPT THE TERMS OF THE
16   SETTLEMENT AGREEMENT?
17            MR. HOYER:  YES, YOUR HONOR.
18            MS. TYNAN:  YES, YOUR HONOR.
19            THE COURT:  ALL RIGHT.  WITH THAT WE HAVE THE
20   MATERIAL TERMS OF THE SETTLEMENT AGREEMENT ON THE RECORD, AND
21   THE AGREEMENT IS NOW BINDING AND ENFORCEABLE.  WE'LL NOW GO OFF
22   THE RECORD.
23            (PROCEEDINGS ADJOURNED AT 5:04 P.M.)
24
25
```

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*/mcolumbini*

JOAN MARIE COLUMBINI

JULY 8, 2016